THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILES GOULD, Appellant.— Appeal from an order of the Chenango County Court dated May 25, 1945, denying appellant's motion for a new trial on newly discovered evidence. (The relief asked by defendant is "to have the sentence imposed nullified, the conviction set aside or expunged and the indictment dismissed.") Appellant was convicted of forgery, second degree, in the Chenango County Court in 1939. The judgment was affirmed by this court (265 App. Div. 981). One justice dissented upon the ground "that the remarks of the District Attorney were prejudicial and inflammatory." Upon the trial proof was offered by a local handwriting expert that defendant indorsed the name of payee on a check, and further, that he attempted to pass the check at a store in Norwich. While conversing with the manager of the store as to his identity, he was recognized and addressed by one of the clerks, and at once left the store without obtaining possession of the check. No expert testimony on the subject of handwriting was offered in his behalf. Upon this motion he presents affidavits by two prominent experts on the subject of handwriting. From these it appears that there might be an issue as to who wrote the indorsement upon the check. There is no newly discovered evidence concerning the attempt to negotiate the forged instrument. The appellant was sentenced as a fourth offender. The record shows two misdemeanor, four felony and one attempted felony convictions. All were rather trivial. The sentence of a minimum of fifteen years, maximum life, seems harsh, but that is not a matter for this court, as the statute made such a sentence mandatory. Order affirmed, without costs. All concur. [See post, p. 960.]

In the Matter of TROPICAL BAR & GRILL, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Review of respondents' order and determination revoking petitioner's restaurant liquor license and denying a re-issuance to the premises for a future period. The order was made upon a determination that the petitioner-licensee had suffered or permitted the licensed premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The disorderliness in question consisted of altercations, brawls and fights between the petitioner's patrons and others who intruded and its officers and managers, culminating in one instance in a stabbing and in another in a shooting affray. There was ample common-law proof respecting the acts and conduct of the licensee's officers, owners and managers at and during the times of the disturbances in question to sustain the finding that it suffered and permitted its premises to become disorderly. Order and determination confirmed, with $50 costs and disbursements to respondent. All concur.